# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK AGRAMA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 16-cv-716-RMC |
| INTERNAL REVENUE SERVICE, | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

Frank Agrama filed a Freedom of Information Act request seeking records from the Internal Revenue Service concerning a penalty examination undertaken by IRS into Mr. Agrama's tax payments. *See* Compl. [Dkt. 1] ¶¶ 5-8.

Unhappy with the IRS response, Mr. Agrama has sued. The IRS now moves for summary judgment in its favor, arguing that it has met its FOIA obligations. Upon review of the entire record, the Court agrees and will grant the motion, entering judgment in favor of IRS.

## I. BACKGROUND FACTS

### A. Mr. Agrama's FOIA Request

Frank Agrama is an individual American citizen residing in Los Angeles, California. Compl. ¶ 3. IRS, a constituent agency of the United States Department of Treasury, is headquartered in Washington, D.C. On February 12, 2016, Mr. Agrama submitted a FOIA request to IRS requesting "each and every document (exclusive of the filed tax [sic] income tax returns) contained in the administrative files of the Internal Revenue Service relating to Form 5471 proposed penalty liabilities of Frank Agrama . . . for taxable years 1982-2014." Compl. Ex. B, FOIA Disclosure Request [Dkt. 1-2] at 1. Mr. Agrama listed several illustrative categories of

1

information sought, including, *inter alia*, Examination Division Administrative files related to any audits; any and all documents received or otherwise requested pursuant to any U.S. tax treaty; and documents maintained electronically. *See id.* at 1-2. IRS received Mr. Agrama's request on February 18, 2016, and assigned it to Cheri Rossi, a Disclosure Specialist. *See* IRS Mot. Summ. J (IRS MSJ) Ex. C, Rossi Decl. [Dkt. 12-3] ¶¶ 6, 7.

Because Mr. Agrama's request concerned an individual taxpayer, IRS began its search for responsive documents by searching its Integrated Data Retrieval System (IDRS), which is a database that manages data retrieved from IRS's Master File, the IRS's nationwide electronic information system containing taxpayer account information. *Id.* ¶¶ 8, 9. Searching this database, Ms. Rossi used a number of commands in conjunction with Mr. Agrama's unique taxpayer identification number. *Id.* ¶¶ 10, 11. Her search identified open examinations being conducted by two IRS Revenue Agents for tax years 1997 to 2009, and 2011. *Id.* ¶ 9. Records associated with these examinations were collected and reviewed, and responsive, non-exempt records were produced to Mr. Agrama in the fall of 2016. IRS MSJ Ex. D, Valvardi Decl. [Dkt. 12-4] ¶ 10.

IRS released a total of 3,708 pages to Mr. Agrama, constituting 1,537 individual records. *Id.* ¶ 11. Of these, 3,590 pages were released entirely and 118 were released in part. *Id.* IRS withheld in full 1,055 pages, the contents of which are described in its affidavits submitted to this Court. *See generally id.* IRS also withheld a total of 15,150 records—the total page number also withheld—related to its ongoing penalty examination, as well as ongoing examinations of other taxpayers. *See id.* ¶ 11.

### B. Procedural History

Mr. Agrama filed this lawsuit on April 15, 2016. *See* Compl. Discussions between the parties continued during this period, and, as previously stated, records responsive to Mr. Agrama's request were produced several months later, beginning in September 2016. Valvardi Decl. ¶ 10. The production concluded by December 2016, and in February 2017 IRS filed its Motion for Summary Judgment. IRS MSJ [Dkt. 12]. Mr. Agrama opposed this Motion, Pl.'s Opp'n [Dkt. 16], and the IRS replied, IRS Reply [Dkt. 18]. The IRS also submitted an *in camera* affidavit and addendum brief to the Court to provide further justification for its decision to withhold the 15,150 records related to the ongoing penalty examination. *See* IRS Notice of Compliance [Dkt. 19]. The matter is now ripe for the Court's review.

## II. VENUE AND JURISDICTION

Section 552(a)(4)(B) of the U.S. Code grants subject matter jurisdiction over all actions brought under FOIA, and makes this an appropriate forum for venue purposes. 5 U.S.C. § 552(a)(4)(B) (2012) ("On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."); *see Jones v. Nuclear Regulatory Comm'n*, 654 F. Supp. 130, 131 (D.D.C. 1987).

The Court's jurisdiction under FOIA extends only to claims arising from the improper withholding of agency records. *See* 5 U.S.C. § 552(a)(4)(B); *see also Lazaridis v. U.S. Dep't of Justice*, 713 F. Supp. 2d 64, 66 (D.D.C. 2010) (citing *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983)).

## III. LEGAL STANDARDS

FOIA "represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential." *Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 925 (D.C. Cir. 2003). Under FOIA, federal agencies must release records to the public upon request, unless one of nine statutory exemptions apply. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975); 5 U.S.C. § 552(b). To prevail in a FOIA case, a plaintiff must show that an agency has improperly withheld agency records. *See Odland v. FERC*, 34 F. Supp. 3d 1, 13 (D.D.C. 2014). The defending agency must demonstrate that its search for responsive records was adequate, that any invoked exemptions actually apply, and that any reasonably segregable non-exempt information has been disclosed after redaction of exempt information. *See id*.

FOIA cases are typically and appropriately decided on summary judgment. *See Sanders v. Obama*, 729 F. Supp. 2d 148, 154 (D.D.C. 2010). Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The party moving for summary judgment "bears the initial responsibility . . . [to] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, a court must draw all justifiable inferences in favor of the nonmoving party and accept the nonmoving party's evidence as true. *See Anderson*, 477 U.S. at 255. The nonmoving party, however, must provide more than the "mere existence of a scintilla

of evidence . . . . [T]here must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252.

## IV. ANALYSIS

### A. Adequacy of the Search

The adequacy of an agency search is measured by its reasonableness, which quite naturally depends on the individual circumstances of each case. *See Sanders*, 729 F. Supp. 2d at 154 (quoting *Truitt v. U.S. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). Under FOIA, any "requester dissatisfied with the agency's response . . . may challenge the adequacy of the agency's search by filing a lawsuit in the district court after exhausting any administrative remedies." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999); *see also* 5 U.S.C. § 552(a)(4)(B). The defending agency then bears the burden of demonstrating "beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995).

An agency may show its search was reasonable, such that summary judgment in its favor is warranted, through an affidavit by a responsible agency official, "so long as the declaration is reasonably detailed and not controverted by contrary evidence or evidence of bad faith." *Sanders*, 729 F. Supp. 2d at 155. Accordingly, affidavits that include "search methods, locations of specific files searched, descriptions of searches of all files likely to contain responsive documents, and names of agency personnel conducting the search are considered sufficient." *Citizens for Responsibility & Ethics v. Nat'l Archives & Records Admin.*, 583 F. Supp. 2d 146, 168 (D.D.C. 2008) (quoting *Ferranti v. BATF*, 177 F. Supp. 2d 41, 47 (D.D.C. 2001)).

5

Mr. Agrama does not contest the adequacy of the IRS search for responsive records. Pl.'s Opp'n at 1 ("Mr. Agrama does not dispute that the IRS has met its burden to show that its search was reasonable . . . ."). Upon review of the affidavits submitted by IRS, the Court concludes that IRS met its obligation to conduct a reasonable search. Mr. Agrama sought records related to his ongoing penalty examination, and it is clear that IRS searched its internal databases for exactly that, and followed up that initial search with agents involved in the case.

**B. Reliance on FOIA Exemptions**

To prevail on a summary judgment motion in a FOIA case, a defending agency must demonstrate that any withheld information is exempt from disclosure, and that the agency segregated non-exempt materials. *See* 5 U.S.C. § 552(a)(4)(B). To meet this standard, agencies may provide "a relatively detailed justification through the submission of an index of documents, known as a *Vaughn* Index, sufficiently detailed affidavits or declarations, or both." *James Madison Project v. U.S. Dep't of Justice*, 208 F. Supp. 3d 265, 285 (D.D.C. 2016) (quoting *Ctr. for Int'l Envtl. Law v. U.S. Trade Representative*, 237 F. Supp. 2d 17, 22 (D.D.C. 2002)).

The records withheld by IRS can be separated into two categories: the 1,173 records withheld in full or in part and described in the supporting affidavits included with its Motion for Summary Judgment, and the 15,150 records withheld and detailed only in its *in camera* supporting documents. S*ee* Valvardi Decl. ¶ 11. Mr. Agrama does not contest the adequacy of the withholdings made in the first category. *See* Pl.'s Opp. at 1 ("Mr. Agrama does not dispute that the IRS has met its burden . . . to justify redactions made to the approximately 4000 documents it produced. This opposition focuses exclusively on the IRS's failure to justify its withholding of 15,150 documents.").

Because the IRS's decision to withhold those 15,150 records is the sole point of contention between the parties, the Court focuses its analysis on that decision. IRS claims that all these records may be fully withheld from disclosure under two statutory exemptions: Exemption 7(A) and Exemption 3.[1] Exemption 7(A) allows agencies to withhold records which "could reasonably be expected to interfere with law enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Exemption 3, 5 U.S.C. § 552(b)(3), allows agencies to withhold records as to which disclosure is prohibited by another statute.

Exemption 7(A) is intended to "prevent disclosures which might prematurely reveal the government's cases in courts, its evidence and strategies, or the nature, scope, and focus of investigations." *Maydak v. U.S. Dep't of Justice*, 218 F.3d 760, 762 (D.C. Cir. 2000). An agency asserting this exemption must show that the disclosure could reasonably be expected to cause harm to a pending investigation or law enforcement proceeding. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978); *see also Campbell v. HHS*, 682 F.2d 256, 259 (D.C. Cir. 1982). "Exemption 7(A) permits the government to withhold 'documents related to an ongoing investigation from the investigation's target because disclosure would reveal the scope and direction of the investigation and could allow the target to destroy or alter evidence, fabricate fraudulent alibis, and intimidate witnesses.'" *EduCap Inc. v. IRS*, No. 07-cv-2106, 2009 WL 416428, at *5 (D.D.C. Feb. 18, 2009) (quoting *North v. Walsh*, 881 F.2d 1088, 1098 (D.C. Cir. 1989)). "Under exemption 7(A) the government is not required to make a specific factual showing with respect to each withheld document that disclosure would actually interfere with a particular enforcement proceeding." *Id.* (citing *Barney v. IRS*, 618 F.2d 1268, 1273 (8th Cir.

---

[1] IRS also asserts that certain parts of the records are subject to withholding under Exemptions 4, 5, 6, 7(C), and 7(E).

1980)); *see also Robbins Tire*, 437 U.S. at 234-35. "Rather, federal courts may make generic determinations that, 'with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally interfere with enforcement proceedings.'" *Barney*, 618 F.2d at 1273 (quoting *Robbins Tire*, 437 U.S. at 236).

Here, the very records Mr. Agrama requests are those "relating to proposed Form 5471 penalty liabilities of Frank Agrama." FOIA Disclosure Request at 1. "The very nature of the documents sought implicates Exemption 7 [because] they were clearly compiled in the course of an investigation into [Mr. Agrama's] tax liability." *Vento v. IRS*, 714 F. Supp. 2d 137, 148 (D.D.C. 2010); *see also EduCap*, 2009 WL 416428, at *4 ("An IRS audit is a 'law enforcement' activity for purposes of Exemption 7."). IRS asserts that it withheld these records because "their disclosure would reveal the nature, direction, scope, focus and limitations of the Service's investigation into the potential liability of plaintiff and other taxpayers, and give plaintiff and other taxpayers premature insight into the strength of the Service's position and its reliance on certain evidence." IRS MSJ Ex. B, Lepore Decl. [Dkt. 12-2] ¶ 33. IRS has also submitted *in camera* affidavits to the Court in further support of its position. *See* Def.'s Notice of Compliance [Dkt. 19].

While these additional submissions provide additional context, fundamentally the justifications undergirding the IRS arguments are apparent from the face of the public-facing documents it has submitted. IRS is in the process of an investigation, the records of which Mr. Agrama is seeking. IRS is withholding many of these records, as well as details regarding them, on the grounds that doing so would prematurely disclose the fruits and direction of that investigation. This justification falls well within the boundaries of Exemption 7(A), and Mr. Agrama has given the Court no reason to believe that IRS has acted in bad faith. While Mr.

8

Agrama calls for further detailed descriptions of the documents as well as a *Vaughn* Index, such detailed descriptions of withheld documents are not required under Exemption 7(A), and the Court concludes that, based on the public and *in camera* submissions by IRS, that such further detail is unwarranted. To require further disclosure of information would destroy the purpose of the claimed exemption. The Court concludes that these records were adequately withheld under Exemption 7(A), and that no further documentation from IRS is necessary.[2]

**C. Segregability**

While an agency may properly withhold records or parts of records under FOIA exemptions, it must release "any reasonably segregable portions" of responsive records that do not contain exempted information. *Schoenman v. FBI*, 575 F. Supp. 2d 136, 155 (D.D.C. 2008); 5 U.S.C. § 552(b). An agency bears the burden of demonstrating that all reasonably segregable portions of a record have been disclosed, and may do so by "offering an affidavit with reasonably detailed descriptions of the withheld portions of the documents and alleging facts sufficient to establish an exemption." *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008).

IRS asserts that it has "attempted to make available to the plaintiff every reasonably segregable non-exempt portion of every responsive record." Valvardi Decl. ¶ 12. Mr. Agrama does not dispute the IRS's segregability determinations, and the Court has no evidence contradicting the IRS's sworn statements.

---

[2] As the material is adequately withheld in its entirety under Exemption 7(A), the Court does not undertake further analysis of the remaining claimed exemptions. *See Utahamerican Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118, 1123 (D.C. Cir. 2012) (explaining that the government need only prevail on one exemption).

## CONCLUSION

For reasons stated above, the Court will grant the IRS Motion for Summary Judgment [Dkt. 12]. Judgment will be entered in favor of IRS. A memorializing order accompanies this Memorandum Opinion.


Date: September 28, 2017                           /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge